## A01A1270. BURDETTE v. THE STATE.
### (553 SE2d 340)

MIKELL, Judge.

A DeKalb County jury convicted Dennis Burdette of aggravated child molestation, aggravated sodomy, false imprisonment, and stalking. On appeal, he claims the trial court erred in admitting statements made by him to the investigating officers while in custody because the statements were not freely and voluntarily given. He also claims that the evidence was insufficient to support the convictions. We disagree and affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] So viewed, the evidence shows that Burdette followed the victim, a 13-year-old boy, into the men's bathroom at the East Lake MARTA train station. After locking the door behind him, Burdette displayed his penis and demanded that the victim perform oral sex. The victim refused, and Burdette informed the boy that they were not going anywhere until he got what he wanted. The victim then performed oral sex on Burdette. The boy left the bathroom, and Burdette followed him onto a train. Burdette wrote the name "Dennis" and a telephone number on the back of a card, and gave it to the victim.

The victim informed a MARTA employee about the incident, and MARTA police officers took the boy's statement. The officers then called the number on the back of the card and asked the woman who answered if she knew a "Dennis." She responded that she knew a Dennis Burdette. The victim identified Burdette from a photographic lineup and again at trial. The state presented evidence of a similar

---

[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

transaction in which Burdette located an underage male at a MARTA station, followed him home, and forced him to perform a sex act.

1. After questioning, Burdette confessed to engaging in a sex act with the victim, although he denied forcing or threatening the victim. Burdette argues that the trial court erred in allowing evidence of this confession.

An interrogating officer cannot induce a confession by offering hope of a lighter sentence.[2] During cross-examination, one of the interrogating officers testified that another officer said the following to Burdette: "Q: And there was reference to. 'You can help yourself, it looks better in court,' that sort of thing. A: I believe there was a reference to that."

Burdette argues that the preceding testimony is similar to that given by the interrogating officer in *Askea v. State*.[3] In *Askea*, we held that an interrogating officer's "remark that 'it (i.e., telling the truth) would probably help him in court' holds out . . . some hope of . . . special consideration if the suspect cooperates."[4] Accordingly, we determined that the defendant's inculpatory statements were inadmissible.

Here, however, an interrogating officer gave direct testimony at the *Jackson-Denno* hearing that no reduced sentence was offered to Burdette for telling the truth and that the offer to help was an offer to help with Burdette's illness. This officer later gave a less than definitive response to a vague question by defense counsel; however, given the other testimony, the trial court was not required to conclude that an offer of a reduced sentence had been made in return for Burdette's confession.

> When a trial judge has made a determination as to the voluntariness of a confession after a suppression hearing, such determination must be accepted by the appellate courts unless his decision is clearly erroneous. Likewise, factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless clearly erroneous.[5]

We cannot say that the trial court's decision to allow Burdette's custodial statement into evidence was clearly erroneous.

---

[2] *Leigh v. State*, 223 Ga. App. 726, 727 (1) (478 SE2d 905) (1996).
[3] 153 Ga. App. 849, 851 (3) (267 SE2d 279) (1980).
[4] Id.
[5] (Citations and punctuation omitted.) *Clay v. State*, 209 Ga. App. 266, 268 (1) (433 SE2d 377) (1993).

2. Burdette next argues that the evidence presented at trial was insufficient to support his convictions. This contention is meritless. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[6] The victim's testimony coupled with his in-court identification of Burdette amply supported Burdette's convictions.[7]

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED AUGUST 1, 2001.

*Andrej S. Bajuk,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Charles C. Flinn, Assistant District Attorneys,* for appellee.

---

[6] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[7] See *Hood v. State,* 245 Ga. App. 391 (1) (537 SE2d 788) (2000).