## A05A0485. THE STATE v. JOHNSON.
### (615 SE2d 163)

RUFFIN, Chief Judge.

A grand jury indicted Sarah Brooke Johnson for first degree arson and reckless conduct. Johnson subsequently moved to suppress several statements she gave to police. Finding that her incriminating statements were not voluntary, the trial court granted Johnson's motion. The State appeals, and for reasons that follow, we affirm.

Under Georgia law,

> [w]hen a trial judge has made a determination as to the voluntariness of a confession after a suppression hearing, such determination must be accepted by the appellate courts unless his decision is clearly erroneous. Likewise, factual determinations and credibility [findings] relating to the admissibility of a confession will be upheld on appeal unless clearly erroneous.[1]

So viewed, the evidence presented at the suppression hearing shows that, on December 16, 2003, a fire was intentionally set at an apartment leased by Johnson's boyfriend. Several weeks later, Fire Investigator Samuel Harris interviewed Johnson regarding the fire. According to Johnson, Harris arrived at her workplace and told her that she needed to go to the police station. At the station, Harris asked Johnson to write a statement about what happened the day of the fire, and she did so, indicating that she knew nothing about the fire until her boyfriend told her about it.

When Harris read Johnson's statement, he yelled at her, called her "a liar," and told her that she set the fire. Johnson asked to take a polygraph test, and Harris informed her after the test that she "was lying." According to Johnson, Harris then told her that "if [she] did not say that [she] had set the place on fire, . . . he would send [her] to jail for a year with no bond. He said if [she] did write a statement saying that [she] did it, that [she] would go to jail and get out tomorrow with a bond." Johnson provided a second written statement, in which she insisted that she did not set the fire. But, after Harris told her that

---

[1] *Burdette v. State*, 251 Ga. App. 30, 31 (1) (553 SE2d 340) (2001).

"she was still going to jail," Johnson wrote another statement admitting that she lit a candle in the apartment, put it on a bed, and left. After Johnson gave the third statement, Harris videotaped her saying that she had not been forced or coerced into writing it. However, the tape also showed Johnson sobbing uncontrollably, attempting to disavow the statement, and claiming that nobody believed her.

At the suppression hearing, Johnson testified that her third statement was not true and reflected what Harris instructed her to write. According to Johnson, she only wrote the statement because Harris told her that, otherwise, she would go to jail for a year without bond. Johnson further testified that during the interview process, which lasted from between 10:30 or 11:00 a.m. to 5:00 or 6:00 p.m., she received no "breaks" other than when Harris left the room, and she was not provided with food or water. She also claimed that she requested an attorney following the polygraph test, but that Harris told her "there was no phone available and it was too late to call [her] lawyer."

Harris admitted calling Johnson a liar, but denied telling her that she would be held in jail for a year if she did not admit to arson. He also testified that Johnson signed a *Miranda* waiver form at the beginning of the interview, did not request an attorney during the interview, and received several "breaks" during the day.

The trial court ultimately concluded that Johnson's incriminating statements were induced by the hope of benefit and thus involuntary. Specifically, the trial court determined that Harris told Johnson he "would hold her in jail for a year without bond unless she confessed to intentionally setting the fire." And it found that Harris' "definite and categorical commitment to make sure Johnson did not stay in jail a year pending trial if she confessed" constituted a hope of benefit that caused Johnson to inculpate herself against her will. Given this finding, the trial court did not address Johnson's remaining claims, including that she requested — but was denied — an attorney during the interview.

For a confession to be admissible under OCGA § 24-3-50, "it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." The phrase "hope of benefit" generally means the reward of a lighter sentence.[2] Under certain circumstances, however, we have found a hope of benefit in situations not explicitly involving a promise of reduced sentence. In *Green v. State*,[3] for example, the trial court found a statement to be

---

[2] See *Evans v. State*, 248 Ga. App. 99, 101 (2) (545 SE2d 641) (2001).

[3] 154 Ga. App. 295 (267 SE2d 898) (1980).

involuntarily induced by a hope of benefit because the investigating officer told the defendant that "he had the authority to set [the defendant's] bond and that he would set it as low as he could." On appeal, we upheld the trial court's exclusion of the statement.[4]

We recognize that a mere promise to reduce bond does not constitute a "hope of benefit" under OCGA § 24-3-50.[5] Instead, such promise, which does not implicate the sentence or charge at issue, is "a collateral benefit that does not make an otherwise admissible confession involuntary."[6] This case, however, involves more than a promise of reduced bond. As found by the trial court, Harris told Johnson that she would be held in jail for one year without any opportunity for bond if she did not confess. If she confessed, however, she would be released the next day.

Harris admitted at the hearing that he lacked authority to confine Johnson for a year or to prevent her from obtaining bond. But according to Johnson, she thought he had such authority, and he never told her otherwise. The trial court believed Johnson's testimony, concluding that "Harris conveyed to Johnson the definite impression that he . . . had absolute control over whether she stayed in jail for a year pending trial without bond, and that he intended to use it if she did not confess."

Under these particular circumstances, we find no clear error in the trial court's conclusion that Harris induced Johnson to confess through a hope of benefit, namely, freedom from incarceration for a year. As our Supreme Court has noted, courts must resolve questions regarding the voluntariness of a confession on a case by case basis.[7] And, given the testimony in this case, the trial court was authorized to conclude that Harris' statements — which related to pre-trial incarceration and his alleged authority to hold Johnson in jail for a full year — were more akin to a fear of injury or a sentencing issue than a collateral benefit such as bond reduction, the promise of a solitary cell, or communication with the judge about cooperation.[8]

---

[4] See id. at 296 (1) (A).

[5] See *Pasuer v. State*, 271 Ga. App. 259, 261-262 (1) (609 SE2d 193) (2005).

[6] Id.; see also *Sparks v. State*, 232 Ga. App. 179, 184 (4) (501 SE2d 562) (1998) ("'The promise of a benefit that will render a confession involuntary under OCGA § 24-3-50 must relate to the charge or sentence facing the suspect.'"); OCGA § 24-3-51 ("The fact that a confession has been made under a spiritual exhortation, a promise of secrecy, or a promise of collateral benefit shall not exclude it.").

[7] See *Turner v. State*, 203 Ga. 770, 771 (1) (48 SE2d 522) (1948).

[8] See *Green*, supra. Cf. *State v. Todd*, 250 Ga. App. 265, 267 (549 SE2d 821) (2001) (officer's statement to defendant that if police had no probable cause, then he would have no basis for keeping defendant under arrest was a "mere truism, [a] mere explanation[ ] of [the defendant's] arrest and of the law, [and did] not constitute an improper offer of some hope of benefit"); *Pounds v. State*, 189 Ga. App. 809, 810 (1) (377 SE2d 722) (1989) (officer's discussion of reduced bond, by itself, was "in the same class of collateral benefits as . . . the promises of a solitary cell,

We note that, on appeal, the State argues the trial court erred in believing Johnson's testimony over that of Harris. As discussed above, however, the trial court's factual and credibility determinations must be accepted by this Court unless clearly erroneous.[9] And since the trial court's findings were supported by Johnson's testimony — though contradicted by other evidence — they are not clearly erroneous and must be affirmed.[10]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MAY 19, 2005.

*Kenneth B. Hodges III, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellant.

*Craig S. Mathis*, for appellee.

---

a psychiatric examination and communication to the judge of the defendant's cooperation").

[9] See *Burdette*, supra; *Hammett v. State*, 246 Ga. App. 287, 288 (1) (539 SE2d 193) (2000).

[10] See *Hammett*, supra.