A06A0706. WRIGHT v. THE STATE.
(630 SE2d 656)

JOHNSON, Presiding Judge.

A jury found Barry Keith Wright guilty of aggravated sexual battery, attempted rape, and sexual battery. Wright appeals, arguing the trial court erred in admitting his statement to police. We find no error and affirm Wright's convictions.

Wright argues that the statement was not admissible because (1) Wright gave an "ambiguous request" for an attorney, (2) police offered Wright "the slightest hope of benefit" and (3) police lied throughout the interrogation. After conducting a *Jackson-Denno* hearing, the trial court found that Wright's statement to police was voluntary and admitted the statement. When reviewing a trial court's determination regarding the voluntariness of a confession after a suppression hearing, this Court must accept the trial court's decision unless the

---

[6] *Elder v. State*, 249 Ga. App. 868, 869 (1) (549 SE2d 825) (2001).
[7] See id.; *Ferguson v. State*, 232 Ga. App. 616 (502 SE2d 556) (1998).

decision is clearly erroneous.[1] Factual and credibility determinations relating to the admissibility of a confession will likewise be upheld on appeal unless clearly erroneous.[2] Here, we cannot say that the trial court's decision to allow Wright's custodial statement into evidence was clearly erroneous.

1. Wright argues that his admittedly "ambiguous" request for an attorney made his confession inadmissible. The record shows that upon questioning Wright and deciding to arrest him for the present charges, the investigator left the room and returned with a *Miranda* form. The investigator read the form to Wright and ensured that Wright understood the form. He then asked Wright if he was willing to speak to the investigator without an attorney and, if he was, to sign the waiver form. Wright signed the waiver form and agreed to speak with the investigator. At no point did Wright tell the investigator that he did not want to talk to the investigator or that he wanted an attorney.

On cross-examination, the investigator admitted that he remembered Wright asking a question like "If I ask for an attorney will I be arrested?" The investigator responded that if Wright asked for an attorney, the interview would be over. The investigator also told Wright he did not know when a warrant would be issued. The investigator remembered telling Wright at that point that he was a strong suspect. But the investigator testified that he would typically stop the interview if there was even "an equivocally asked question that he wants an attorney or does he need an attorney." The interview was not stopped in this case.

Wright argues that his question about the attorney should have stopped the interview. According to Wright, the question indicated that he was forced to speak with the investigator because he feared he would be arrested if he asked for an attorney. Wright claims the question also indicated that he spoke with the attorney hoping to receive a benefit. Wright cites OCGA § 24-3-50 in support of his argument. According to this Code section, an admissible confession "must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." While this Code section is, indeed, applicable, we find no error here.

A suspect must articulate his desire to have counsel present with sufficient clarity such that a reasonable police officer in the same or similar circumstances would understand the statement to be a request for an attorney.[3] Here, Wright's question was ambiguous and

---

[1] *Burdette v. State*, 251 Ga. App. 30, 31 (1) (553 SE2d 340) (2001).

[2] Id.

[3] *Davis v. United States*, 512 U. S. 452, 459 (114 SC 2350, 129 LE2d 362) (1994); *Braham*

not a clear request for counsel that required the cessation of questioning. And, the investigator was not required to seek clarification from Wright before continuing any interrogation.

> After a knowing and voluntary waiver of the *Miranda* rights, law enforcement officers may continue questioning until and unless the suspect clearly requests an attorney. . . . If the suspect's statement is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning [the suspect].[4]

The trial court did not err in admitting Wright's custodial statement on this ground because Wright never clearly requested the presence of an attorney and there is no evidence that his statement was given in fear of injury or for a hope of benefit.

2. Wright contends his statement should have been excluded because the investigator lied to him throughout the interview. The investigator acknowledged lying to Wright as part of an interview technique to get Wright to talk. He lied about having found Wright's pubic hair in the victim's guest bedroom, about having a specimen of Wright's urine, and about the neighbors having called police to complain about noise coming from the victim's apartment on the night in question. However, it is well established that a mere overstatement by the investigators as to how much inculpatory evidence they presently possessed does not affect the admissibility of a defendant's statement.[5] The use of trickery and deceit to obtain a confession does not render the confession inadmissible, as long as the means employed are not calculated to procure an untrue statement.[6] And, absent any evidence that the police investigative techniques were designed to induce the slightest hope of benefit or fear of injury, the resulting statements are not rendered involuntary and inadmissible.[7]

A trial court's findings as to factual determinations and credibility relating to the admissibility of a defendant's statement will be upheld on appeal unless clearly erroneous.[8] Here, there is no evidence in the record to suggest that the investigator sought to procure a false

---

*v. State*, 260 Ga. App. 533, 534 (580 SE2d 256) (2003).

[4] (Citation and punctuation omitted.) *Smith v. State*, 231 Ga. App. 677, 682 (3) (499 SE2d 663) (1998).

[5] See *Harris v. State*, 274 Ga. 422, 424 (3) (554 SE2d 458) (2001).

[6] See *Richardson v. State*, 265 Ga. App. 711, 715 (1) (595 SE2d 565) (2004).

[7] See *DeYoung v. State*, 268 Ga. 780, 789 (8) (493 SE2d 157) (1997).

[8] Id.

statement. Nor is there any evidence in the record that the investigator's deception or trickery gave Wright the slightest hope of benefit or the remotest fear of injury. The findings in this case were not clearly erroneous.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MAY 2, 2006.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.