## A08A0016. SMITH v. THE STATE.

(662 SE2d 305)

PHIPPS, Judge.

Sean Phillip Smith appeals his conviction for trafficking in methamphetamine, arguing that the trial court erred in admitting his statement to police. Finding no error, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer

enjoying a presumption of innocence."[1] So viewed, the evidence shows that, acting upon a tip, a police officer with a K-9 narcotics dog stopped Smith's vehicle. Smith fled on foot carrying a black box. A second officer and the dog apprehended Smith without the box. With the help of the dog, the police found the box nearby. Inside were 56.62 grams of methamphetamine and $1,900 in cash.

After being read his *Miranda* rights, Smith gave a videotaped statement to a police investigator in which he expressed familiarity with the black box and its contents and admitted to being the "biggest drug dealer" in the county. During the interview in which Smith made the statement, the investigator told Smith that his wife was a target of a police investigation. In fact, Smith's wife was not a target of the specific investigation involving the methamphetamine found in the black box. Instead, she was the confidential informant who had provided the tip that led to Smith's arrest.[2] And while Smith denied in the interview that his wife was involved with the methamphetamine found in the black box, he repeatedly implicated her in other activities involving controlled substances.

At trial, Smith testified that he had lied in his videotaped statement. He denied possessing drugs the day of his arrest or having seen the black box containing methamphetamine, which he suggested was planted by the police. He testified that, because of the investigator's statements concerning his wife, he had "felt [his] family was being threatened." Smith admitted knowing his wife was not in danger of being charged with possession of the methamphetamine found in the box. But he reiterated at trial that his wife was engaged in illegal activities related to controlled substances, and he stated that, at the time of his interview, he wanted to be released so that he could get his family out of the county. Smith testified that he was "really trying to get [the investigating officer] to believe in [him], to get [him] out of jail to do anything [he] could to — really trying to protect [his] family."

The court determined at a *Jackson-Denno* hearing that Smith had made his statement voluntarily, denied Smith's motion to suppress, and admitted the statement into evidence over Smith's objection. The court later denied Smith's motion for new trial.

Under OCGA § 24-3-50, a confession is admissible only if it was "made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." The trial court must consider the totality of the circumstances in determining whether

---

[1] *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citation omitted).

[2] At trial the investigator stated that he had pretended interest in Smith's wife to mask her identity as the confidential informant.

the state has demonstrated that a confession was voluntary.[3] "A trial court's determination after a *Jackson-Denno* hearing that a statement was voluntarily made will not be disturbed on appeal unless it was clearly erroneous."[4]

Smith argues that his statement was involuntary because it was induced by a threat that his wife was being "target[ed] . . . for arrest." But a statement by police that makes the defendant "aware of potential legal consequences" is "in the nature of a mere truism" that does not constitute a threat of injury or promise of benefit within the meaning of this Code section.[5] Citing *State v. Johnson*,[6] Smith argues that untruthful statements by police cannot be mere truisms. In *Johnson* we upheld the trial court's suppression of a confession made after a police investigator untruthfully told the defendant that if she did not admit to arson he would hold her in jail for a year without bond pending trial; in fact, he could not have done so.[7] Here, Smith bases his argument on the police investigator's later testimony that Smith's wife was not a target in the investigation involving the methamphetamine in the black box, contending that the investigator's stated interest in Smith's wife thus was a "lie." But the investigator's statements in the interview also addressed the wife's involvement in drug activities other than those connected with that specific investigation, and Smith does not dispute that his wife was involved in other drug activities. We find this case distinguishable from *Johnson*.

While there may be circumstances in which a police suggestion during an interrogation that a suspect's family member is the target of an investigation could create a fear of injury that invalidates a confession, the facts of this case do not require that conclusion. Here, the investigator expressed interest in Smith's wife to deflect attention away from her role as the tipster; Smith's wife, in fact, was involved in other illegal drug activities; rather than seeking to exonerate her, Smith actually implicated his wife in the other illegal activities during his interview; and Smith later claimed that he gave the statement so that he could get out of jail and help his wife flee the county. An indication by the police that they are considering charging a defendant's girlfriend or wife with a crime does not necessarily

[3] *Lee v. State*, 270 Ga. 798, 800 (2) (514 SE2d 1) (1999).

[4] *Smith v. State*, 281 Ga. App. 91, 94 (3) (635 SE2d 385) (2006) (footnote omitted).

[5] *Rollinson v. State*, 276 Ga. App. 375, 379 (1) (d) (623 SE2d 211) (2005) (citation and punctuation omitted).

[6] 273 Ga. App. 324 (615 SE2d 163) (2005).

[7] Id. at 325-326.

render a confession involuntary,[8] and under these circumstances, even if the investigator feigned an interest in Smith's wife, the trial court was authorized to find that Smith's statement was voluntary and admissible.[9]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED MAY 15, 2008.

*Mark A. Hinds*, for appellant.
*Peter J. Skandalakis, District Attorney, Kevin T. McMurry, Assistant District Attorney*, for appellee.

---

[8] See *Anderson v. State*, 224 Ga. App. 608, 610 (1) (481 SE2d 595) (1997); *Riviera v. State*, 190 Ga. App. 823, 825-826 (1) (380 SE2d 353) (1989); *Sampson v. State*, 165 Ga. App. 833, 835 (9) (303 SE2d 77) (1983); *Copeland v. State*, 162 Ga. App. 398, 400 (3) (291 SE2d 560) (1982).

[9] See *State v. Woods*, 280 Ga. 758, 759 (632 SE2d 654) (2006) (use of trickery or psychological ploy does not make confession involuntary unless means are reasonably calculated to procure untrue statement from defendant); *DeYoung v. State*, 268 Ga. 780, 789 (8) (493 SE2d 157) (1997) (same).