**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 18, 2014**

# In the Court of Appeals of Georgia

A13A1937. MOORE v. THE STATE.

BOGGS, Judge.

Errol Alexis Moore Jr. was indicted for malice murder, two counts of felony murder, two counts of aggravated assault, three counts of concealing a death, tampering with evidence, and making a false statement. A jury found Moore guilty of the lesser included offense of voluntary manslaughter on malice murder, guilty of voluntary manslaughter on one felony murder count, not guilty on the second felony murder count, and not guilty on one count of aggravated assault. He was found guilty on all remaining charges. The trial court merged the aggravated assault and voluntary manslaughter convictions but sentenced Moore to separate and consecutive terms on each remaining conviction. After denial of his motion for new trial, Moore appeals, asserting that the trial court erred in: (1) the admission of his custodial statement; (2)

the refusal to charge on misdemeanor involuntary manslaughter as a lesser included offense; and (3) the failure to merge the three convictions for concealing a death at sentencing. On the basis of our Supreme Court's decision in *Nazario v. State*, 293 Ga. 480 (746 SE2d 109) (2013), which was decided after entry of the trial court's order, we vacate two of Moore's convictions for concealing a death. With respect to Moore's remaining claims, we find no error and affirm.

1. Moore first complains that the trial court erred in admitting his oral and written custodial statements, claiming that the State failed to prove that they were not induced by hope of benefit or fear of injury. "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50.

> When a trial judge has made a determination as to the voluntariness of a confession after a suppression hearing, such determination must be accepted by the appellate courts unless his decision is clearly erroneous. Likewise, factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless clearly erroneous.

(Citation and punctuation omitted.) *Kania v. State*, 280 Ga. App. 356, 358 (1) (634 SE2d 146) (2006).

2

At the *Jackson-Denno* hearing,[1] the detective denied that he told Moore "that he was not going to leave until he told [the detective] what he needed to hear[.]" He also explained that when he asked Moore if he wanted "everyone" to "go down" for the crime, he meant that Moore's friend and his mother could be arrested if evidence was found indicating that they had participated in the crime. See *Smith v. State*, 291 Ga. App. 535, 537 (662 SE2d 305) (2008) (statement that wife was target of police investigation merely made appellant "aware of potential legal consequences" and was "in the nature of a mere truism").

Here, the trial court explicitly found the police officer more credible than Moore, and it found that the officer "did not tell [Moore] that he could not leave until he heard what he wanted," but that Moore was free to leave and was not under arrest. The court further found that the detective's statements that Moore's friend and mother could be arrested if evidence showed they were involved in the crime were "mere truisms or recounting of facts rather than a threat of injury or promise of benefit." (Citations and punctuation omitted.)

"[T]he trial court's factual and credibility determinations must be accepted by this Court unless clearly erroneous. And since the trial court's findings were

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

3

supported by [the officer's] testimony — though contradicted by other evidence — they are not clearly erroneous and must be affirmed." (Citations, punctuation, and footnotes omitted.) *State v. Johnson*, 273 Ga. App. 324, 327 (615 SE2d 163) (2005).[2]

2. Moore next contends that the trial court erred in refusing to give his requested charge on misdemeanor involuntary manslaughter. After the trial court instructed the jury and asked if there were any objections to the charge, Moore did not renew his objection. We must therefore review the charge for plain error, even though Moore has not argued plain error on appeal. See *State v. Kelly*, 290 Ga. 29, 32 (1) n. 2 (718 SE2d 232) (2011). But "the hurdle to establishing plain error is high" and "the failure to specifically articulate how the alleged error satisfies this high standard increases the likelihood that … claims in this regard will be rejected." Id. at 32 n.2 (1). In reviewing the refusal to give this charge, we find no plain error and indeed no error.

Moore contends that the requested charge is justified by his statement to police that the victim attacked him, and that he accidentally strangled her in an attempt to restrain her. Although that scenario is not supported by the testimony cited by Moore,

---

[2]Moore cites *Johnson* in support of his argument because in that case the trial court excluded the custodial statement. But as in *Johnson*, we must affirm when evidence, even if contradicted, supports the trial court's decision. Id.

4

he contends that the jury could have found that he committed a lawful act in a criminally negligent manner. But this argument has been rejected by the Georgia Supreme Court. See *Demery v. State*, 287 Ga. 805, 809 (3) (700 SE2d 373) (2010) ("One who seeks to justify homicide as having been committed in self-defense is not entitled to an additional instruction on involuntary manslaughter resulting from the commission of a lawful act in an unlawful manner"); *Saylors v. State*, 251 Ga. 735, 737 (3) (309 SE2d 796) (1983) ("[I]f [a defendant] is justified in killing under OCGA § 16-3-21[] [he] is guilty of no crime at all. If [he] is *not* so justified, the homicide does not fall within the 'lawful act' predicate of OCGA § 16-5-3 (b)[], for the jury, in rejecting [his] claim of justification, has of necessity determined thereby that the act is not lawful." (Emphasis in original.) )

3. Finally, Moore contends that the trial court erred in refusing to merge his three convictions for concealing a death. The trial court entered a well-reasoned, detailed order analyzing this question, but it did not have the benefit of the Georgia Supreme Court's recent decision in *Nazario*, supra. There, a defendant pleaded guilty to 17 counts of a 26-count indictment, including five counts of concealing the death of his girlfriend by various acts, including concealing the body, hiding incriminating evidence, binding and gagging two of the victim's three children, and kidnapping the

5

third child. 293 Ga. at 491-492 (3) (d). He contended that those counts should have been merged into a single conviction, and our Supreme Court agreed. Id. The Court reasoned that, since OCGA § 16-10-31 refers to "the death" and "a discovery," "the gravamen of the offense is conduct that hinders 'a discovery' that a person has been unlawfully killed by concealing that death." Id. at 491 (3) (d). It concluded that multiple acts employed in concealing a single death merge as a matter of fact into one conviction. Id.

The State's contention that *Nazario* can be distinguished because it involved a guilty plea and a limited record is without merit. While the Supreme Court acknowledged that the limited factual record prevented a full analysis of Nazario's *other* merger claims, id. at 490 (3) (a) and (b), its analysis of the charges of concealing a death addressed the language of the statute and the factual basis for the plea, and found that all of Nazario's acts "were part of a course of conduct that hindered a single discovery of a single unlawful killing by concealing that death." Id. at 491 (3) (d). Similarly, here all of Moore's acts were intended to hinder a single discovery of the single unlawful killing of his girlfriend by concealing her death. Therefore, as in *Nazario*, we must vacate two of the three convictions and sentences

6

for concealing the death of another. Id. at 492. His remaining convictions and sentences are affirmed.

*Judgment affirmed in part and vacated in part and case remanded for resentencting. Doyle, P. J., and McFadden, J., concur.*