**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 16, 2017**

# In the Court of Appeals of Georgia

A17A0717. CRENSHAW v. THE STATE.                    JE-021C

ELLINGTON, Presiding Judge.

A Fulton County jury found Jeremiah Crenshaw guilty of rape, OCGA § 16-6-1 (a) (1); aggravated sodomy, OCGA § 16-6-2 (a) (2); burglary in the first degree, OCGA § 16-7-1 (b); false imprisonment, OCGA § 16-5-41 (a); and possession of a firearm during the commission of a crime against or involving the person of another, OCGA § 16-11-106 (b) (1). Following the denial of his motion for a new trial, Crenshaw appeals, contending that the trial judge commented on the evidence in violation of OCGA § 17-8-57 when the judge directed that the record reflect that the victim and the witness had identified Crenshaw during their testimony. For the reasons explained below, we affirm.

Viewed in the light most favorable to support the verdict,[1] the record shows that the State presented evidence that, on October 8, 2011, Crenshaw broke into the victim's house while she was sleeping, tapped a gun on her forehead to wake her up, and then raped and sodomized her. A few months later, the victim saw Crenshaw in the neighborhood and called the police, which resulted in his arrest.

At trial, the victim testified that, a few months before the rape, an acquaintance she knew as "JR" stopped by her home with a friend and that, the day before she was attacked, she saw JR's friend in the neighborhood and recognized him from his then previous visit to her home. She testified that, on the night she was attacked, she had a good view of her assailant's face, and she "knew exactly who he was" – JR's friend – by his distinctive features and speech impairment. The prosecutor asked the victim whether she saw the man who raped her, and she replied, "Yes, I do." The prosecutor asked her to identify him by his clothing and where he was sitting in the courtroom. She identified her assailant as the man wearing a white shirt and black tie and sitting next to the defense attorney. The prosecutor asked, "Let the record reflect the witness has accurately identified the defendant Jeremiah Crenshaw by his article of clothing and positioning in the courtroom," and the trial court responded, "The record will so

---

[1] See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

reflect." The victim testified that she was "100 percent sure" that Crenshaw was the man who raped her.

The day following the victim's testimony, her girlfriend testified about the time a few months before the assault when Crenshaw briefly stopped by their home. The prosecutor asked the witness to identify him by his clothing and where he was sitting in the courtroom. She identified him as the man wearing a "kind of gold shirt" and sitting next to "the little lawyer," pointing at them. The prosecutor asked, "Let the record reflect the witness has identified the defendant by an article of clothing and his positioning next to the rather petite" defense lawyer, and the trial court responded, "The record will so reflect."

Crenshaw contends that the trial judge commented on the evidence in violation of OCGA § 17-8-57 by directing that the record reflect that the victim and the witness had identified him. Under the applicable version of that Code section, "[i]t is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused." OCGA § 17-8-57 (a) (1). Because Crenshaw did not object at trial, we review the court's allegedly improper comments under the "plain error"

3

standard.[2] The threshold issue is whether the trial court deviated from the legal rule

that prohibits a trial judge from intimating to the jury the judge's opinion as to

[2] We note that, after Crenshaw was tried in April 2014, the General Assembly amended OCGA § 17-8-57, effective July 1, 2015. See Ga. Laws 2015, pp. 1050-1051 (Act 174), § 1. The 2015 amendment addresses when, in the absence of a contemporaneous objection, a trial court's violation of the prohibition against commenting on whether a fact was or was not proven will result in a new trial. Specifically, the amendment added subsection (b), which provides that, except as otherwise provided, "failure to make a timely objection to an alleged violation of [OCGA § 17-8-57 (a) (1)] shall preclude appellate review, unless such violation constitutes plain error which affects substantive rights of the parties." See OCGA § 17-8-57 (b). Crenshaw contends that former OCGA § 17-8-57 applies, because his trial occurred before the effective date of the amendment, but our appellate courts have held that the 2015 amendment should be given retroactive effect. See *Pyatt v. State*, 298 Ga. 742, 747, n. 9 (784 SE2d 759) (2016) ("OCGA § 17-8-57 (b) [(2015)] applies not to proceedings in the trial court, which, in this case, predated the amendment. Rather, that provision is specifically directed to appellate review.") (citation and punctuation omitted); *Quiller v. State*, 338 Ga. App. 206, 209 (789 SE2d 391) (2016) ("[S]ubsection (b) of newly amended OCGA § 17-8-57 should be given retroactive effect.") (footnote omitted). Nevertheless, Crenshaw expressly concedes that the alleged trial court error in this case is subject to the "plain error" rule, and the provision at issue here, specifically, that it is error for a trial judge to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused, is substantially the same in both the former and the present versions of the Code section. See former OCGA § 17-8-57 (2014) ("It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."); OCGA § 17-8-57 (a) (1) (2015) (quoted in text); *Quiller v. State*, 338 Ga. App. at 214, McFadden, J., dissenting ("The substantive aspects of OCGA § 17-8-57, prohibiting trial judges from expressing an opinion as to what the evidence has proved or as to the guilt of the accused, have not changed in the new statute."). Under these circumstances, whether the 2015 amendment applies is not determinative.

whether a fact at issue has or has not been proved or as to the guilt of the accused.[3]

The Supreme Court of Georgia has held that a judge's statement "[l]et the record reflect that the man that the witness pointed out in court today is the defendant" does not constitute an improper comment on the evidence. *Anderson v. State*, 249 Ga. 132, 136 (6) (287 SE2d 195) (1982).[4] This is the customary language which allows the

---

[3] A new trial is required for "plain error" in these circumstances:
First, there must be an error or defect – some sort of deviation from a legal rule – that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error – discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.
(Citations and punctuation omitted.) *Martin v. State*, 298 Ga. 259, 276-277 (6) (b) (779 SE2d 342) (2015) (applying OCGA § 17-8-58), cert. denied, 137 SCt 62, 196 LEd2d 60 (2016).

[4] See *King v. State*, 336 Ga. App. 531, 540-541 (4) (784 SE2d 875) (2016) (Where the witness identified the defendant, by pointing to him in the courtroom, as the person who confessed to him while they were incarcerated together, the prosecutor stated, "[l]et the record reflect he's identified the defendant[,]" and "the trial court used the customary language[,]" that is, "so noted," "to let the record reflect that he did so[,]" the trial judge did not express or intimate an opinion as to what had or had not been proved as to the guilt of the accused in violation of OCGA § 17-8-57.); see also *Bradeen v. State*, 711 SW2d 263 (Tex. App. 1986) (A trial court's responding to the State's request to have the record reflect that a witness had

record, that is, the trial transcript, to accurately reflect aspects of the evidence that are available to the jurors' sensory perception, such as a witness's gestures, but will not be available to future readers of the transcript. In this case, the jurors were present in the courtroom and able to determine for themselves whether someone in the courtroom matched the man identified by the victim and by the witness by describing his clothing and his location in the courtroom and by gesturing toward him. In context, the trial judge's "the record will so reflect" served to clarify the victim's and witness's words, as they would later be transcribed, not to indicate to the jury whether the State had proved that Crenshaw was the man who visited the victim's home and, months later, broke in and attacked her. The trial judge did not comment on the

---

identified the defendant after the witness identified the defendant in court by saying that "the record would so reflect" was approved and recommended procedure under analogous Texas law and did not amount to a comment on the evidence that would prejudice the accused or benefit the State.); cf. *Chapman v. State*, 217 Ga. App. 264, 264-265 (1) (457 SE2d 206) (1995) (Where the prosecutor asked a police officer about the victim's response to a photographic line-up, the defense objected to the testimony, asserting no proper foundation had been laid for its admission, the court asked "Well, hasn't there been positive identification?", and the prosecutor immediately responded that there had, the trial judge's comment regarding evidence of a positive identification of the defendant, "compounded by the eager response by the state, clearly left the jury with the impression that [the defendant] had been positively identified as the perpetrator of the crimes charged." Because misidentification and alibi were the defendant's sole defenses, the comments directly addressed a material issue in the case in violation of OCGA § 17-8-57.).

6

evidence in violation of OCGA § 17-8-57. *Anderson v. State*, 249 Ga. at 136 (6); *King v. State*, 336 Ga. App. 531, 541 (4) (784 SE2d 875) (2016). Because there was no error, there was per force no plain error warranting reversal. *McNair v. State*, 330 Ga. App. 478, 485 (2) (767 SE2d 290) (2014); *Moore v. State*, 325 Ga. App. 749, 751 (2) (754 SE2d 792) (2014); *Anthony v. State*, 317 Ga. App. 807, 812 (3) (732 SE2d 845) (2012).

*Judgment affirmed. Andrews and Rickman, JJ., concur*.