## A06A2006. BASS v. THE STATE.
(637 SE2d 863)

MILLER, Judge.

Following a jury trial, Kerry Jonathan Bass was convicted of cruelty to children in the first degree and aggravated battery. Bass appeals, challenging the sufficiency of the evidence and contending that the trial court erred in denying his motion to suppress his statement to the police. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that Bass was the primary caretaker of the four-month-old female victim, M. N. T. Not the child's natural father, Bass had cohabited with the child's mother since the child's birth. On October 28, 2003, Bass brought the child to the emergency room of an Atlanta area hospital. There, x-rays revealed that the child had a skull fracture, bleeding under the skull, and two healing rib fractures. A forensic pediatrician testified that he suspected child abuse because the child's rib fractures were near her spine, indicating that they were the result of the child having been squeezed.

Bass initially told hospital personnel that he did not know what had caused the left side of the child's head to swell, but he later claimed that the child had fallen off her bed. Called in to investigate, the police contacted Bass by telephone. Bass agreed to be interviewed and thereafter gave police a statement in which he admitted that he had shaken and squeezed the child.

1. The evidence, including Bass' admission and the testimony of the forensic pediatrician, was sufficient to enable any rational trier of fact to find Bass guilty of cruelty to children in the first degree and aggravated battery beyond a reasonable doubt. OCGA §§ 16-5-70 (b); 16-5-24 (a); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Bass asserts that the trial court erred in failing to suppress his statement to police because the police, while having probable cause to arrest, interviewed him without warning him of his *Miranda*[1] rights. We disagree.

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

> Whether a police officer focused his unarticulated suspicions upon the individual being questioned is of no consequence for *Miranda* purposes. *Stansbury v. California*, 511 U. S. 318 (114 SC 1526, 128 LE2d 293) (1994). This is so because *Miranda* was fashioned to redress the compulsive aspect of custodial interrogation, and not the strength or content of the government's suspicions when the questioning commenced. Id. at 114 SC 1529. Even a clear statement from an officer that the person under interrogation is a prime suspect is not, in itself, dispositive of the custody issue, for some suspects are free to come and go until the police decide to make an arrest. Id. [at 1530.] Thus, the proper inquiry is whether the individual was formally arrested or restrained to the degree associated with a formal arrest, not whether the police had probable cause to arrest. See id. at 1529. See also *Lobdell v. State*, 256 Ga. 769, 773 (6) (353 SE2d 799) (1979) (*Miranda* does not apply unless a person is taken into custody or otherwise deprived of his freedom in some significant way).

(Punctuation omitted.) *Hodges v. State*, 265 Ga. 870, 872 (2) (463 SE2d 16) (1995). Instead, the issue is "whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." (Citations and punctuation omitted.) *Stansbury*, supra, 511 U. S. at 322 (II).

Here, the record shows that Bass went to the police station voluntarily to be interviewed by the investigating detective; he arrived "long before" the detective and waited for him; the interview occurred at the beginning of the detective's investigation; and the detective did not regard Bass as being in custody during the interview. Bass does not contend that any restraint was placed on his freedom of movement or that he was otherwise prevented from leaving the interview at his discretion; and his arrest came at the end of the interview after the detective received more medical information in conference with colleagues.

"The issue of whether one is in custody for *Miranda* purposes is a mixed question of law and fact, and the trial court's determination will not be disturbed unless it is clearly erroneous." (Citation and punctuation omitted.) *Sims v. State*, 242 Ga. App. 460, 462 (2) (530 SE2d 212) (2000). Under these circumstances, the failure to *Mirandize* Bass was not error, and the trial court properly refused to suppress Bass' admissions.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

Decided October 31, 2006.

D. Victor Reynolds, for appellant.

Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney, for appellee.