## 32410. JOHNSON v. THE STATE.

NICHOLS, Chief Justice.

The defendant was indicted for the murder of his former wife by beating her with a board. The jury returned a verdict of guilty of murder, and defendant was sentenced to life imprisonment.

1. The first enumeration of error contends the trial court erred in failing to charge without a request the law of accident. The defendant testified that the victim went outside and fell, that she got up and fell again, striking her head, thus causing the injuries from which she died.

This does not involve *homicide by accident* as defined in Ga. L. 1968, pp. 1249, 1269 (Code Ann. § 26-602), but only death from accidental means not attributable to any conduct, culpable or otherwise, on the part of the defendant. There is no merit in this enumeration of error.

2. The second enumeration of error contends it was error to admit defendant's statement into evidence because there was no finding by the trial judge that the defendant had been advised of his right to counsel. The trial court conducted a hearing out of the presence of the jury to determine whether the statement was freely and voluntarily made. A written waiver of rights was executed by defendant after a full explanation and an affirmative answer that he understood his rights. The trial court made a determination that the statement was freely and voluntarily made and the evidence produced at the hearing was sufficient to sustain such determination. *Ray v. State,* 235 Ga. 467 (2) (219 SE2d 761) (1975). There is no merit in this enumeration of error.

3. The remaining enumeration of error complains of the admission of photographs of the body of the deceased over the objection that they were highly inflammatory and extremely prejudicial. "It was not error to admit in evidence, over objection that they were irrelevant, immaterial, and prejudicial, photographs or pictures of the body of the deceased. . ." *Tatum v. State,* 206 Ga. 171 (4) (56 SE2d 518) (1949). The evidence amply supported the verdict, and there is no merit in any of appellant's enumerations of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 17, 1977 — DECIDED JUNE 28, 1977.

*D. L. Lomenick, Jr., William Ralph Hill, Jr.,* for appellant.

*William M. Campbell, District Attorney, Craig Gillen, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.