63199. MANSFIELD v. THE STATE.

CARLEY, Judge.

Appellant was indicted and tried under Code Ann. § 26-1103 (a) for the offense of involuntary manslaughter in the commission of an unlawful act, to wit: simple battery. From the judgment entered on the jury verdict finding appellant guilty, he appeals to this court.

1. Contrary to the assertions of appellant, there is no fatal variance between the allegations in the indictment and the proof presented at trial. Evidence adduced at trial would authorize the jury to find that the victim, while in a highly intoxicated condition, was being beaten and kicked by appellant and two other individuals. During the course of this beating a passerby yelled for the perpetrators to cease their attack and, as a consequence, their

attention was diverted for a moment. At this instant, the victim got to his feet and began to flee. The victim was pursued by appellant onto and off of a nearby dock into the Ogeechee River where he drowned.

This evidence was sufficient to establish the fact that the battery inflicted by appellant upon the victim precipitated the events which resulted in the death. Cf. *Thornton v. State,* 107 Ga. 683, 688 (33 SE 673) (1899); *Patterson v. State,* 181 Ga. 698, 704 (6) (184 SE 309) (1935); *Wyrick v. State,* 96 Ga. App. 847 (102 SE2d 53) (1958). Accordingly, this enumeration of error is without merit.

2. The trial court did not err for any reason urged on appeal in permitting the district attorney to read case law to the jury during his closing argument. *Griffin v. State,* 154 Ga. App. 261 (4) (267 SE2d 867) (1980); *Goodrum v. State,* 240 Ga. 678 (242 SE2d 158) (1978).

3. Error is enumerated upon the trial court's failure to charge without request on the law of accident or "misadventure." As previously noted, the evidence adduced at trial showed the victim to have been highly intoxicated at the time of the battery. In support of this enumeration of error, appellant urges that "the very nature of the events leading to the victim's death raises the question of whether the death was the result of accident or a misadventure *on the victim's part."*

"Contrary to appellant's contentions, this evidence does not raise the issue of accident or misfortune within the meaning of Code Ann. § 26-602; rather, it relates solely to the issue of causation . . ." *Newsome v. State,* 149 Ga. App. 415, 417 (5) (254 SE2d 381) (1979). Stated otherwise, the fact that the victim was intoxicated when he entered the water merely raises the question of whether "death [resulted] from accidental means not attributable to any conduct, culpable or otherwise, on the part of the defendant." *Johnson v. State,* 239 Ga. 324, 325 (236 SE2d 661) (1977). There is no merit in this enumeration of error.

4. Appellant next asserts that a portion of the trial court's charge to the jury was misleading because it was not properly adjusted to the evidence and allegations of the indictment. "It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required. [Cit.]" *Clark v. State,* 153 Ga. App. 829, 831 (266 SE2d 577) (1980). When considered as a whole rather than in disjointed fragments, the trial court's instructions fairly and comprehensively presented the legal principles required for a reasoned decision by the jury. *State v. McNeill,* 234 Ga. 696 (217 SE2d 281) (1975); *Highland v. State,* 127 Ga. App. 518, 519 (1) (194 SE2d 332) (1972). We find no harmful error.

5. Having reviewed the evidence adduced at trial in the light most favorable to the jury's determination, we conclude that any rational trior of fact could have found appellant guilty of the offense charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MARCH 18, 1982 —
REHEARING DENIED MARCH 31, 1982 — ▆▆▆▆▆▆▆

*L. R. Winters, Jr., George A. Zettler,* for appellant.
*Spencer Lawton, District Attorney, Michael Lewanski, Assistant District Attorney,* for appellee.