## 65444. ROUNDS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of one count of arson and three counts of burglary. Two of the burglaries involved churches in Vidalia, Georgia. On appeal Rounds contends the trial court erred (1) by denying his motion for a directed verdict of acquittal as to the burglaries of the churches or in the alternative by denying his motion for a new trial, and (2) by admitting into evidence Rounds' confession relating to the third burglary and arson.

On the night of January 21, 1981 appellant, Michael Lawler and Michael Joyce broke into the home of O. F. Callahan, Sr. to spend the night. They saw some money on a dresser, which they took; they also took a shotgun and a watch and left the house. Later the same night they walked into the First United Methodist Church and took $8.00 from the office. After leaving the church, the three men went to the Church of Christ; Joyce broke a window and the three men entered the church looking for money. Joyce left and went to work; Lawler and appellant returned to Callahan's house, where appellant set fire to the house to cover the evidence of their burglary. Appellant confessed to the burglary and arson of Callahan's house; he made a second confession to entering the churches looking for valuables, and

admitted that the three men took a few items.

1. Appellant contends it was error to deny his motion for a directed verdict of acquittal as to the church burglaries, or in the alternative to deny his motion for a new trial, because the only evidence against Rounds was the uncorroborated testimony of an accomplice, Lawler. We do not agree.

Appellant confessed to burglarizing the two churches, and "a confession can be used to corroborate the testimony of an accomplice. [Cits.] However, a confession is sufficient to corroborate the testimony of an accomplice so as to support a verdict of guilty against the confessor and him only. [Cits.]" *Vaughn v. State,* 139 Ga. App. 565, 568 (1) (228 SE2d 741) (1976). Thus, appellant's confession is sufficient to corroborate Lawler's testimony. As a verdict of acquittal was not demanded as a matter of law, it was not error to deny appellant's motion. *Lingold v. State,* 162 Ga. App. 486, 488 (1) (292 SE2d 193) (1982). It follows that it was not error to deny appellant's motion for a new trial based on the same grounds.

2. Appellant argues that because he was only 17 years old and was given a hope of reward if he confessed, his confession to the burglary and arson of Callahan's home was admitted improperly.

At a Jackson-Denno hearing on the voluntariness of appellant's confession, Detective William Varnadore testified that he advised appellant of his Miranda rights (Miranda v. Arizona, 384 U.S. 436 (86 SC 1602, 16 LE2d 694)). Varnadore also told appellant it would be better if he cooperated with the police, and if appellant did so, Varnadore would have to say in court that appellant cooperated. Appellant argues that such a statement to a 17-year-old constituted "a hope of benefit" and made appellant's confession inadmissible. However, "age alone is not determinative of whether a person can waive his rights." *Riley v. State,* 237 Ga. 124, 128 (226 SE2d 922) (1976); *Marshall v. State,* 248 Ga. 227, 229 (3 (1)) (282 SE2d 301) (1981).

OCGA § 24-3-50 (Code Ann. § 38-411) provides: " To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." In *Presnell v. State,* 241 Ga. 49, 55 (5) (243 SE2d 496) (1978), the Supreme Court held "that agreeing to the defendant's request to put him in a cell by himself, to seek a psychiatric examination, *and to tell the judge of his cooperation,* did not constitute the kind of 'hope of benefit' which is contemplated by Code Ann. § 38-411 [now OCGA § 24-3-50]." (Emphasis supplied.) See also *Cline v. State,* 153 Ga. App. 576, 578 (4) (266 SE2d 266) (1980), where we held that telling a defendant the district attorney would be informed of his cooperation if he confessed would not make

the confession inadmissible as being induced by hope of benefit. Accordingly, we find that appellant's confession in the instant case was not induced by any hope of benefit.

"When a trial judge has made a determination as to the voluntariness of a confession after a suppression hearing, such determination must be accepted by the appellate courts unless his decision is clearly erroneous." *Gibbs v. State,* 235 Ga. 480, 483 (3) (220 SE2d 254) (1975); *Cline v. State,* supra. The trial court's determination of the voluntariness of appellant's confession in this case was not clearly erroneous and will not be disturbed.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED APRIL 6, 1983.

*Charles B. Merrill, Jr.,* for appellant.

*H. Reginald Thompson, District Attorney, Richard A. Malone, Assistant District Attorney,* for appellee.