## A04A0060. FERGUSON v. THE STATE.
### (599 SE2d 335)

MIKELL, Judge.

Melissa Hamilton Ferguson was indicted for felony murder, cruelty to children in the first degree, and concealing the death of another. She pled guilty to concealing the death of another and proceeded to trial on the remaining charges. Ferguson was convicted of cruelty to children and acquitted of felony murder by a Decatur County jury. She was sentenced to ten years to serve on the cruelty and concealment counts, to run concurrent. On appeal, she challenges the sufficiency of the evidence and the trial court's failure to charge on reckless conduct. We affirm.

On appeal from a criminal conviction, "we view the evidence in a light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve."[1] So construed, the evidence shows that on August 1, 2002, Ferguson's children, Javan Taylor and Tashia Hamilton, who were approximately 20 and 17 years old, were searching their mother's deep freezer for something to cook when they found the body of an infant wrapped intact in approximately six plastic bags. Taylor testified, that after returning the body to the freezer, his sister called the police and he called his mother. When his mother came home, she told them that the baby was not hers. She called 911 and told the operator that someone else had placed the baby in her freezer. Ferguson then called a meeting with close family members, telling them that the baby was hers, that she had given birth to the baby on the bathroom floor when

---

[1] (Footnotes omitted.) *Copeland v. State,* 263 Ga. App. 776-777 (1) (589 SE2d 319) (2003).

she was alone at their home, and that she fell unconscious during the process and found the baby dead with the umbilical cord wrapped around its neck when she awoke.

James Spooner, Jr., an investigator with the Decatur County Sheriff's Office, investigated the case. He testified that when he arrived at Ferguson's residence, she was standing in the kitchen and that when he asked what was going on, Ferguson replied, "I had a baby and it was dead. And I put it in the freezer. This happened about a year and a half ago. I was working two jobs. I had a lot of stress on me at that time. I lied when I called 911. It was me that did it. I didn't do anything wrong. You can't arrest me."

Ferguson testified that on the evening of February 15, 2000, she was home alone. At approximately 11:00 p.m., she felt a sharp pain that caused her to fall to her hands and knees. Ferguson maintained that she did not realize that she was pregnant until about four hours later when she felt the baby's foot after reaching between her legs; that she lost consciousness intermittently; that she did not know how the baby came out. Ferguson testified that at some time after 8:00 a.m. she regained consciousness. She pushed herself up, pulled the baby upward, and then she saw the umbilical cord wrapped around the baby's neck and leg, which she unwrapped before losing consciousness again. Ferguson further testified that she did not recall when or how she cut the umbilical cord; that the baby was dead; that she assumed the baby's death was caused by the cord being wrapped around its neck; and that she washed the baby's face and placed it in some plastic bags that were nearby and already "doubled up." Ferguson held the baby until about 1:00 p.m. and decided that she was going to keep the baby so she put her in the deep freezer. She did not tell anyone about the incident or that the baby was in the freezer.

Dr. Laura Darrisaw, the medical examiner who conducted the autopsy, was qualified as an expert in forensic pathology and pediatric pathology. Dr. Darrisaw testified that the baby was born full term and weighed seven and a half pounds; that the baby was born alive and its lungs were well-aerated, meaning that the lungs contained oxygen; that based on the lung tissue, the baby was not stillborn; and that there were no pathological abnormalities that caused the child's death. Dr. Darrisaw opined that the cause of death was probably asphyxia, and, after receiving additional information from the police, she determined that the manner of death was homicide.

1. Pursuant to OCGA § 16-5-70 (b), a "person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." Ferguson argues that her conviction must be reversed

because there was no evidence that she acted maliciously or that the child experienced excessive pain. We disagree.

"The mental state of a defendant required to be established to prove cruelty to children is the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm might result."[2] The defendant's "[i]ntention may be manifest by the circumstances connected with the perpetration of the offense. Intent is a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."[3] Therefore, the determination of the defendant's intention is "peculiarly a question for the jury."[4] Likewise, "the determination of what is cruel or excessive physical or mental pain"[5] is a jury issue. There was evidence from which the jury could determine that the child was alive when it was born and that Ferguson placed the child into plastic bags, causing her to suffocate. From this evidence, the jury obviously determined that Ferguson maliciously caused the child excessive physical or mental pain. We conclude that the evidence was sufficient to enable a rational trier of fact to find Ferguson guilty beyond a reasonable doubt.

2. Ferguson next argues that her conviction must be reversed because the trial court refused to give her requested charge on the lesser included offense of reckless conduct. We disagree.

Though reckless conduct is a lesser included offense of cruelty to children,[6] we do not find that the evidence authorized such a charge. The crime of reckless conduct is "an act of criminal negligence, rather than an intentional act, that causes bodily harm or endangers the bodily safety of another."[7] It involves "consciously disregarding a substantial and unjustifiable risk that [the defendant's] act or omission will cause [the] harm or endanger the safety of the other person."[8] In this case, if the jury believed Ferguson's testimony, then no crime was committed, including reckless conduct, because the child was already dead when Ferguson put her in the plastic bag. If the infant was alive, as shown by the state's evidence and believed by

---

[2] (Punctuation and emphasis omitted.) *Kennedy v. State*, 277 Ga. 588, 590 (1) (b) (592 SE2d 830) (2004), quoting *Jones v. State*, 263 Ga. 835, 839 (2) (439 SE2d 645) (1994).

[3] (Citations omitted.) *Johnson v. State*, 239 Ga. App. 886, 887 (522 SE2d 478) (1999).

[4] (Citation and punctuation omitted.) Id. at 888.

[5] (Citations omitted.) *Hopkins v. State*, 209 Ga. App. 376, 377 (1) (434 SE2d 74) (1993).

[6] *Allen v. State*, 247 Ga. App. 10, 15 (3) (543 SE2d 45) (2000).

[7] (Citation and punctuation omitted.) *Jackson v. State*, 276 Ga. 408, 411 (2) (577 SE2d 570) (2003). See also *Riley v. State*, 250 Ga. App. 427, 429 (2) (551 SE2d 833) (2001).

[8] OCGA § 16-5-60 (b); *Bowers v. State*, 177 Ga. App. 36, 37 (1) (338 SE2d 457) (1985).

the jury, then Ferguson committed the crime of cruelty to children. "Where the evidence shows either the commission of the completed offense as charged, or the commission of no offense, [as in this case,] the trial court is not required to charge the jury on a lesser included offense."[9]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 12, 2004.

*Robert R. McLendon, IV*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.

---

[9] (Punctuation and footnote omitted.) *Gibbs v. State*, 257 Ga. App. 38, 39 (2) (570 SE2d 360) (2002).