S05A0571. WILSON v. THE STATE.
(610 SE2d 66)

BENHAM, Justice.

Appellant Alonzo Wilson was found guilty of the malice murder of Selina Ridley and sentenced to life imprisonment without the possibility of parole.[1] He appeals the judgment of conviction, contending the trial court erred when it declined to give his requested jury instruction on the law of accident.

1. The State presented the testimony of a woman who saw a man and woman struggling near a car parked on a street in her neighborhood. The struggling woman was screaming for police assistance and saying the man was strangling her. When the witness drove closer, the man threatened to kill the witness if she did not leave. The witness returned to her home, called the police and, minutes later, took officers to the scene. She identified the man removed by police from the parked car as the man she saw struggling with the woman. One of the responding officers testified they found appellant crouched down in the passenger seat of the car, with the passenger door open. When appellant exited the vehicle, the officers noticed a woman, nude from the waist down, with her upper body on the floorboard in front of the passenger seat, her buttocks propped up by the passenger seat, her right leg extended out the open passenger door, and her left leg between the passenger and driver seats. Her face was blue and she did not have a pulse. They performed cardio-pulmonary resuscitation until emergency personnel arrived and transported her to a hospital where she died the following day. The forensic pathologist who performed the autopsy testified the victim had recently-inflicted bruises on her neck consistent with manual stangulation; petechiae, a result of manual strangulation, in the linings of her eyes and on her cheeks; and internal bleeding around the muscles and tissue near the larynx, again caused by manual strangulation. The cause of death was hypoxic encephalopathy (brain damage due to loss of blood flow) and multi-system organ failure due to manual strangulation.

Appellant testified he and the victim were in the car smoking crack cocaine he had purchased in exchange for the promise of sex

---

[1] The victim died from her injuries on April 21, 2001. Appellant was charged with malice murder, felony murder/aggravated assault with intent to rape, and felony murder/aggravated assault in a true bill of indictment filed August 20, 2001. His trial took place November 26-29, 2001, and the jury returned guilty verdicts on all counts. Appellant's sentence of life imprisonment without the possibility of parole, entered pursuant to OCGA § 17-10-7 (b), was filed November 29, following the trial court's receipt of evidence that appellant had pled guilty to rape, a serious violent felony (OCGA § 17-10-6.1 (a) (4)), in 1980 in Fulton County. The motion for new trial, filed December 6, 2001, and amended August 5, 2004, was denied October 27, 2004. The notice of appeal was filed November 18, 2004, and submitted for decision on the briefs.

with the victim, when she jumped out of the car screaming for the police. He attempted to calm her down and they returned to the car where she pulled her pants down and inquired whether he was ready for sexual intercourse. The victim then picked debris off the car floor, tasted it, and slumped over. When she did not move for several minutes, appellant shook her and she did not respond.

The evidence was sufficient to authorize the jury to find appellant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred when it declined to give a charge on the law of accident. There must be at least slight evidence produced at trial to authorize a jury instruction, and whether the evidence presented is sufficient to authorize a charge is a question of law. *Davis v. State*, 269 Ga. 276 (3) (496 SE2d 699) (1998). The effect of accident on guilt is set forth in OCGA § 16-2-2: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." "Accident" is an affirmative defense whereby it must be established a defendant acted without criminal intent, was not engaged in a criminal scheme, and was not criminally negligent, i.e., did not act in a manner showing an utter disregard for the safety of others who might reasonably be expected to be injured thereby. *Davis v. State*, supra, 269 Ga. 276 (3). Appellant's testimony suggesting the victim died from a drug overdose and denying having taken any action that caused the victim's death by manual strangulation "does not involve *homicide by accident* as defined in [OCGA § 16-2-2], but only death from accidental means not attributable to any conduct, culpable or otherwise, on the part of the defendant." *Johnson v. State*, 239 Ga. 324 (1) (236 SE2d 661) (1977). Appellant's testimony "does not raise the issue of accident or misfortune within the meaning of [OCGA § 16-2-2]; rather, it relates solely to the issue of causation. [Cit.]" *Mansfield v. State*, 161 Ga. App. 875, 876 (3) (289 SE2d 814) (1982). Consequently, he was not entitled to a charge on the law of accident and the trial court did not err when it declined to give such a charge. *Johnson v. State*, supra, 239 Ga. 324 (1); *Savage v. State*, 252 Ga. App. 251 (2) (556 SE2d 176) (2001); *Mansfield v. State*, supra, 161 Ga. App. 875 (3).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 7, 2005.

*Virginia W. Tinkler*, for appellant.

*Gwendolyn R. Keyes, District Attorney, Robert M. Coker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.