A05A0677. HAGGARD v. THE STATE.
(614 SE2d 903)

MIKELL, Judge.

David R. Haggard was charged in a seven-count indictment with the following offenses: trafficking in methamphetamine (Count 1), possession of methamphetamine with intent to distribute (Count 2), possession of methamphetamine (Count 3), possession of less than one ounce of marijuana (Count 4), possession of an open container of alcohol (Count 5), possession of ecstasy (Count 6), and recidivism (Count 7). A Floyd County jury found him not guilty of the most serious offenses, trafficking and possession with intent to distribute, and guilty of Counts 3 through 6. Following a sentencing hearing, the trial court sentenced Haggard to twelve years on Count 3 (five to serve and seven on probation), twelve months each on Counts 4 and 5, and ten years on Count 6 (four to serve and six on probation), with all sentences to run concurrently.

In two enumerations of error, Haggard contends that his trial counsel rendered ineffective assistance. The state contends that Haggard has waived this claim by failing to raise it at the earliest practicable moment. We do not agree.

The record reflects that the verdict was filed on September 2, 2004. Trial counsel filed a motion for new trial, which was denied on October 7, 2004. Appellate counsel was appointed on October 12, 2004. He filed a notice of appeal on November 1, 2004. The requirement that a claim of ineffective assistance of counsel must be raised at the earliest practicable moment means that a "claim [must] be raised *before appeal* if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a

procedural bar to raising the issue at a later time."[1] The state contends that appellate counsel was required to file a second motion for new trial raising ineffective assistance in order to avoid the procedural bar. However, the above-cited case, *Glover v. State*, upon which the state relies, does not stand for such a proposition. In *Glover*, trial counsel did not file a motion for new trial, and appellate counsel elected to file a notice of appeal instead of a motion for a new trial.[2] The Supreme Court concluded that a defendant's failure to raise an ineffectiveness claim before appeal under those circumstances constituted a procedural bar to raising the claim at a later date.[3] In the case at bar, trial counsel filed a motion for new trial. Appellate counsel did not participate in the motion for new trial and could not have raised the ineffectiveness claim at that time.[4] Although "an attorney who is appointed to replace trial counsel *before* the ruling on such motion [for new trial] should raise the issue in an amended motion for new trial,"[5] a motion for new trial obviously may not be amended *after* the ruling thereon.[6] Accordingly, because appellate counsel was appointed after the motion for new trial was denied, we conclude that the claim of ineffective assistance of trial counsel has been raised at the earliest practicable moment, and we remand this case to the trial court for a hearing on that claim alone.

*Judgment affirmed and case remanded. Andrews, P. J., and Phipps, J., concur.*

DECIDED MAY 16, 2005.

*Barry V. Smith*, for appellant.

*Leigh E. Patterson, District Attorney, Finnis K. Salmon, Assistant District Attorney*, for appellee.

---

[1] (Footnote omitted; emphasis in original.) *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

[2] Id. at 183 (2).

[3] Id. at 184 (2).

[4] *Holland v. State*, 240 Ga. App. 169, 171 (4) (523 SE2d 33) (1999), citing *Howard v. State*, 233 Ga. App. 724, 729 (7) (505 SE2d 768) (1998).

[5] (Citations omitted; emphasis supplied.) *Landers v. State*, 236 Ga. App. 368, 370 (3) (511 SE2d 889) (1999).

[6] OCGA § 5-5-40 (b).