## S05A0367. CARSWELL v. THE STATE.
(613 SE2d 636)

SEARS, Presiding Justice.

The appellant, Larodney Carswell, appeals from his conviction for the malice murder and armed robbery of Marvin Godfrey.[1] On appeal, Carswell contends that the trial court erred by denying his motion to suppress several statements that he gave to the police on the day of his arrest. Because we find no merit to this contention, and because we conclude that the evidence is sufficient to support his convictions, we affirm Carswell's convictions for malice murder and armed robbery.

1. The evidence was sufficient for a rational trier of fact to find that Carswell knew that the victim, who was an acquaintance of Carswell's, routinely carried large sums of money on him; that Carswell planned to rob the victim in the early morning hours of December 3, 2001; and that, during that robbery, Carswell's co-defendant shot and killed the victim. Viewing the evidence in the light most favorable to the verdict, it was sufficient for a rational trier of fact to find Carswell guilty of malice murder and armed robbery

---

[1] The crimes occurred on December 3, 2001, and Carswell was indicted on February 25, 2002, for malice murder, felony murder, and armed robbery. Following a jury trial, Carswell was found guilty of all three crimes on October 16, 2003. The felony murder conviction was vacated as a matter of law, and the trial court sentenced Carswell to life in prison for malice murder and to a consecutive term of life in prison for armed robbery. On November 14, 2003, Carswell filed a motion for new trial, and on February 21, 2004, the court reporter completed certification of the trial transcript. On August 27, 2004, the trial court denied Carswell's motion for new trial. On September 24, 2004, Carswell filed a notice of appeal, and on October 26, 2004, the case was docketed in this Court. On December 27, 2004, the appeal was submitted for decision on briefs.

beyond a reasonable doubt.[2]

2. On the day of the crimes, Carswell gave a series of five statements to the police over a span of approximately twelve to fourteen hours. Carswell moved to suppress evidence of the statements, but the trial court denied the motion. At trial, the State introduced evidence of the first, third, fourth, and fifth statements. On appeal, Carswell contends that the trial court erred in denying his motion to suppress. For the reasons that follow, we disagree.

(a) Carswell contends that the second statement was the result of questioning by a police officer; that the record does not show whether the officer informed Carswell of his *Miranda* rights; that the State failed to carry its burden to show that the second statement was voluntary and not coerced; and that, therefore, the second statement, which contained the first inculpatory statements by Carswell,[3] must be considered to be coerced and involuntary. Carswell further contends that the involuntary second statement tainted all subsequent statements, and that all subsequent statements should have been suppressed.[4] We conclude, however, that this contention is without merit.

Carswell correctly notes that the record does not demonstrate whether Officer Chatman, who conducted the second interview, informed Carswell of his *Miranda* rights before that interview.[5] However, even assuming that he did not, the failure to do so is of no consequence, as Carswell was informed of and waived his *Miranda* rights before the first interview and as the second interview, as well as the subsequent ones, were part of a continuous series of interviews. For these reasons, Officer Chatman was not required to inform Carswell of his *Miranda* rights before the second interview.[6] Moreover, Agent Williams of the Georgia Bureau of Investigation, who participated in the first interview, and who conducted the third, fourth, and fifth interviews, testified that, before she conducted the third interview with Carswell, she asked Carswell if he had been

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] The record shows that Carswell did not admit any involvement in the crime during the first interview, but that he did so during the second interview, as well as all subsequent ones.

[4] With regard to coerced or involuntary confessions, the Supreme Court has stated " 'that those subjected to coercive police interrogations have an automatic protection from the use of their involuntary statements (or evidence derived from their statements) in any subsequent criminal trial.' " *United States v. Patane*, 542 U. S. 630 (124 SC 2620, 2628, 159 LE2d 667, 677) (2004), quoting *Chavez v. Martinez*, 538 U. S. 760, 769 (123 SC 1994, 155 LE2d 984) (2003).

[5] In this regard, Officer Chatman did not testify at trial, and the State did not introduce the second statement into evidence.

[6] See *Mainor v. State*, 259 Ga. 803, 804-805 (387 SE2d 882) (1990); *Thomas v. State*, 259 Ga. 202, 204 (378 SE2d 686) (1989); *Garlington v. State*, 268 Ga. App. 264, 274-275, n. 38 (601 SE2d 793) (2004).

forced to make any statements, and he responded that he had not. Also, in response to Agent Williams's questions before the third interview, Carswell stated that he had been treated fairly over the course of the morning of December 3, that he had not been promised anything, and that he was not under the influence of any alcohol or drugs. In this regard, Carswell mentioned to Agent Williams that he had spoken with Officer Chatman about the crime, but Carswell never stated that Chatman had treated him unfairly or coerced him into making a statement. Additionally, before the first and third interviews, Carswell acknowledged that he had a background in law enforcement, was familiar with *Miranda* rights, and was a high school graduate. Considering the totality of the circumstances, we conclude that the second statement was freely and voluntarily given by Carswell.[7]

(b) Carswell also contends that due to the length of time (twelve to fourteen hours) over which the five interviews occurred, and due to the fact that he was constantly in the presence of law enforcement officials during that time, all five of his statements should have been suppressed as involuntary. However, the record shows that Carswell was advised of his *Miranda* rights immediately before all interviews but the second one; that, after being informed of his rights, he agreed to speak with the officers; that he signed a form indicating that he agreed to waive those rights before the first interview; that he was given access to food and drinks; that he had experience in law enforcement and was familiar with his *Miranda* rights; that, during the course of the day, Carswell repeatedly stated that he was comfortable and had been treated fairly; that he stated that he was not under the influence of any alcohol or drugs and that he understood his rights; that the officers stated that Carswell did not appear to be under the influence of any alcohol or drugs and that he appeared to understand his rights; that Carswell stated that he had not been coerced or threatened in any way; and that he was a high school graduate. Having reviewed the record, we conclude that, under the totality of the circumstances, Carswell's statements were freely and voluntarily given.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 23, 2005.

*Robert P. Westin*, for appellant.

---

[7] See *Escutia v. State*, 277 Ga. 400, 401-402 (589 SE2d 66) (2003).

[8] See *Escutia*, 277 Ga. at 401-402.

*Fredric D. Bright, District Attorney, Shelley S. Tice, Assistant District Attorney, Thurbert E. Baker, Attorney General, Raina J. Nadler, Assistant Attorney General*, for appellee.