S08A0377. LASHLEY v. THE STATE.
(660 SE2d 370)

CARLEY, Justice.

A jury found Appellant Omar Lashley guilty of felony murder during the commission of aggravated assault. In addition, he was found guilty of possessing a firearm while committing the murder. The trial court entered judgments of conviction on the guilty verdicts, and imposed a life sentence for murder and a consecutive five-year term of imprisonment for the weapons offense. Appellant filed a motion for new trial and, after the trial court denied that motion, he brings this appeal.[*]

1. The victim, Catina Jordan, was appellant's girlfriend. After they fought over his suspected relationship with another woman, she drove to the home of her mother and stepfather. She asked her stepfather to accompany her when she returned home to drive Appellant to work. He agreed and, on arrival, asked Appellant if he

---

[*] The crimes were committed on February 2, 2005, and the grand jury returned the indictment against Appellant on April 13, 2005. The jury returned the guilty verdicts on May 11, 2006, and the trial court entered the judgments of conviction and imposed the sentences on the same day. Appellant filed a motion for new trial on June 6, 2006, and the trial court denied that motion on March 16, 2007. Appellant filed a notice of appeal on March 22, 2007, and the case was docketed in this Court on November 6, 2007. The appeal was submitted for decision.

had a gun. Appellant said that he did not, and the three left in the victim's car. Appellant sat in the back, with Ms. Jordan in the front passenger seat and her stepfather driving. As the car pulled away, an argument began, and Appellant hit the victim several times. Her stepfather stopped the vehicle, and they all got out. Appellant drew a gun from his jacket. Multiple shots were fired, three of which struck Ms. Jordan. She collapsed and died. Appellant fled the scene in the victim's car, but surrendered to authorities a few days later and stated at that time that he murdered the victim. At trial, however, Appellant testified that he did not intend to shoot or threaten her, and that the "raggedy gun" simply discharged. The weapon belonged to Ms. Jordan, and he testified that he had removed it from his pocket because she asked him to return it to her.

Construing this evidence most strongly in support of the jury's verdicts, it was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Appellant's guilt of felony murder while committing aggravated assault on Ms. Jordan and of possessing a firearm during the commission of murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the trial court's failure to charge on involuntary manslaughter as a lesser included crime of felony murder. He contends that there was slight, but sufficient, evidence to authorize a finding that, rather than committing an aggravated assault on Ms. Jordan, he shot her unintentionally while committing the misdemeanor offenses of pointing a gun or pistol at her or of engaging in reckless conduct.

Involuntary manslaughter is defined as "caus[ing] the death of another human being without any intention to do so by the commission of an unlawful act other than a felony." OCGA § 16-5-3 (a). Appellant requested a charge on involuntary manslaughter, but his request did not specify pointing a gun or pistol at another, as defined by OCGA § 16-11-102, as the underlying misdemeanor. In fact, he did not submit any written request for an instruction on pointing a gun or pistol at another, as a lesser included crime in aggravated assault. " ' "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error. (Cit.)" (Cit.)' [Cit.]" *Young v. State*, 280 Ga. 65, 68 (10) (623 SE2d 491) (2005). Therefore, there is no merit in the contention that the trial court erred in failing to give Appellant's incomplete request to charge on involuntary manslaughter while pointing a gun or pistol at Ms. Jordan. See *Wilson v. State*, 215 Ga. 672, 674 (2) (113 SE2d 95) (1960); *Norris v. State*, 184 Ga. 397 (2) (191 SE 375) (1937).

Appellant did accompany his request to charge on involuntary manslaughter with a request to instruct on reckless conduct. However, with regard to whether that misdemeanor was a lesser included

offense of aggravated assault, the indictment alleged that Appellant committed the greater predicate offense "by shooting the [victim] with a gun . . . ." There is no evidence that, although Appellant intentionally fired the weapon, he did not intend to shoot Ms. Jordan and acted only with a conscious disregard of the risk that doing so would endanger her safety. Compare *Bowers v. State*, 177 Ga. App. 36, 39 (2) (338 SE2d 457) (1985) (defendant admitted intentionally firing the gun, but claimed that, when he did so, he was engaged in target practice and not aiming at the victim). Instead, Appellant contended that the gun discharged accidentally as he was attempting to comply with the victim's request for the return of her weapon.

> Thus, the evidence established either that [A]ppellant intentionally shot and killed the victim, or that the pistol discharged accidentally and no offenses occurred. " 'Where, as here, the evidence shows either the commission of the completed offense (of felony murder and aggravated assault), or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense.' " [Cit.]

*McClure v. State*, 278 Ga. 411, 413 (4) (603 SE2d 224) (2004). The trial court gave Appellant's requested charge on accident, and did not err by failing to instruct the jury on involuntary manslaughter during the commission of the misdemeanor of reckless conduct.

3. A woman with whom Ms. Jordan suspected that Appellant was having an affair was a witness for the defense. However, she was not permitted to testify that she received a threatening telephone call from the victim. Appellant enumerates that evidentiary ruling as error. However, "evidence of violent acts by the victim, against third persons, is admissible only when the defendant claims justification as a defense and provides advance notice of his intent to introduce such evidence. [Cit.]" *Simmons v. State*, 266 Ga. 223, 228 (5) (466 SE2d 205) (1996), overruled on other grounds, *Wall v. State*, 269 Ga. 506, 508-509 (2) (500 SE2d 904) (1998). Appellant asserted accident, not self-defense, and he did not provide the prosecution with the requisite notice of his intent to introduce evidence of Ms. Jordan's threats against third parties. Therefore, exclusion of the testimony was proper. Compare *Thomas v. State*, 189 Ga. App. 774 (2) (377 SE2d 539) (1989) (evidence of the defendant's own conduct towards a third party just prior to the fatal shooting admissible to illustrate her state of mind).

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 21, 2008.

*J. Scott Key*, for appellant.

*Tommy K. Floyd, District Attorney, Atha H. Pryor, Assistant District Attorney, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.