## S09A0175. BOSTIC v. THE STATE.
### (672 SE2d 630)

BENHAM, Justice.

Appellant Robert Lorenzo Bostic was convicted of the felony murder of three-year-old Leonard Graham, Jr., with cruelty to a child in the first degree as the underlying felony.[1] On appeal, Bostic contests the sufficiency of the evidence and takes issue with the trial court's admission of certain photographs and its refusal to instruct the jury on the law of felony involuntary manslaughter.

1. The three-year-old victim was declared "brain-dead" on October 31, 2003, and was removed from life support care because there was no evidence of brain-stem function or other brain function. The cause of death was multiple blunt-force trauma consistent with shaken impact syndrome. The child had been transported to a hospital on October 30 after his mother found him unresponsive when she picked him up from the home shared by her sister and appellant, her sister's boyfriend. Investigators ascertained that appellant was the child's sole caregiver from 9:30 a.m. until 3:30 p.m. the day he was found unresponsive. Appellant told police in a

---

[1] The child died October 31, 2003, and appellant was arrested the same day. A bill of indictment returned by the Chatham County grand jury charging appellant with malice murder, felony murder (cruelty to a child in the first degree), felony murder (aggravated battery), cruelty to a child in the first degree, and aggravated battery, was filed January 21, 2004. The trial took place October 9-12, 2006, and concluded with the jury's verdict finding appellant guilty of child cruelty and felony murder (child cruelty), and not guilty of malice murder, felony murder (aggravated battery), and aggravated battery. Appellant was sentenced to life imprisonment on the felony murder conviction on October 13. His motion for new trial, filed October 23, 2006, and amended August 9, 2007, was denied October 27, 2007. A timely notice of appeal was filed November 8, 2007. The appeal was docketed in this Court on October 9, 2008, and was submitted for decision on the briefs.

video-recorded statement played for the jury that he had shaken the child "slightly hard" after the child had vomited, and the child's head had hit the arm of a chair during the shaking incident. An autopsy revealed fresh external abrasions on the child and internal bruising behind the child's ear, on the back of his neck and throughout his body, including two fractured ribs, multiple sites of sub-dural bleeding on the brain's surface, as well as sub-arachnoid and petechial hemorrhaging.

Appellant presented evidence that a neighbor of the victim's grandmother told a counselor in a drug treatment center that the neighbor had seen the child's father shake the child the night of October 29 after the child had up-ended a plate containing cocaine. The neighbor testified and denied having made such statements and denied having seen the child's father shake the child. Drug-screening tests administered to the child's parents resulted in no evidence of drug usage. The forensic pathologist who performed the autopsy testified that, had the injuries been inflicted before 7:00 a.m. on October 30, the child would not have been acting normally at 8:15 a.m., when the child was dropped off at appellant's home. Both the child's mother and his aunt testified the child was acting normally when he was dropped off by his mother. The forensic pathologist and several other medical experts testified that the child's closed-head injuries were the result of the child having been violently shaken by an adult-sized person. Medical experts opined that the injuries were painful to the child.

The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of causing the death of the victim while maliciously causing a child under the age of 18 cruel and excessive mental and physical pain. OCGA §§ 16-5-1 (c); 16-5-70 (b); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Folson v. State*, 278 Ga. 690 (1) (606 SE2d 262) (2004); *Bass v. State*, 282 Ga. App. 159 (1) (637 SE2d 863) (2006). It was sufficient to exclude every reasonable hypothesis save that of the guilt of the accused. See *Scott v. State*, 281 Ga. 373 (1) (637 SE2d 652) (2006).

2. Appellant contends the trial court erred when it denied his request for a jury instruction on felony involuntary manslaughter. "A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony." OCGA § 16-5-3 (a). Appellant contends the jury could have found he caused the child's death by failing to obtain medical help for the child and his failure to obtain medical care was reckless rather than malicious in light of evidence that he was caring for two small children (the victim and the victim's

two-year-old brother) without a motor vehicle and in a home without a telephone.

We agree with the trial court's decision for several reasons. First, the indictment did not charge appellant with causing the death of the child by failing to obtain medical care for him. Compare *Banta v. State*, 282 Ga. 392 (5) (651 SE2d 21) (2007) (where defendant was charged with cruelty to a child by depriving the child of necessary and appropriate medical care). Rather, the indictment charged that appellant caused the death of the child "by causing the child to sustain brain damage by means unknown to the grand jury. . . ." To that end, the State presented evidence that the child died as a result of having been severely and violently shaken by a person with the strength of an adult. The State did not present any evidence that the child died as a result of lack of medical care. Second, appellant's theory of the case was that the child was fatally shaken by his father and that the "slightly hard" shaking appellant inflicted on the child was an effort to revive him. While misdemeanor reckless conduct can be an offense included in cruelty to a child (*Ferguson v. State*, 267 Ga. App. 374 (2) (599 SE2d 335) (2004)), the trial court is not required to charge the jury on an included offense when the evidence shows either the commission of the completed offense as charged or the commission of no offense. Id. If the jury believed appellant's theory, appellant committed no crime since the child was already fatally injured when he came into appellant's care and appellant's actions did not cause the child's death. If, as was the case here, the jury did not believe appellant's theory, then the jury believed the child was in good health when he was placed in appellant's care and appellant severely and violently shook the child, an act that constituted child cruelty in the first degree and caused his death. The trial court did not commit reversible error when it declined appellant's request to charge on felony involuntary manslaughter (OCGA § 16-5-3 (a)) based on reckless conduct.

3. Lastly, appellant takes issue with the admission of several photographs of the victim taken immediately prior to and during the autopsy. In a hearing outside the presence of the jury, the trial court struck three photos that contained depictions of stitched incisions made after internal organs were procured for donation (see *McClure v. State*, 278 Ga. 411 (2) (603 SE2d 224) (2004)), and had a fourth photo cropped to focus only on the depicted internal injury. With regard to the remaining seven photos which were all taken during the autopsy, the medical examiner testified the photos depicted internal injuries not discernible in photos of the exterior of the body. The trial court admitted the photos as necessary to aid the medical examiner in describing the cause and manner of death because the injuries did not become apparent until the autopsy. Under such

circumstances, the admission of the photos was not error. *Folson v. State*, supra, 278 Ga. 690 (3).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 2009.

*Jennifer R. Burns*, for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.