S09A0525. MANGRUM v. THE STATE.
(681 SE2d 130)

CARLEY, Justice.

A jury found Jamerson Mangrum guilty of three counts of felony murder, two counts of aggravated child molestation, and one count of rape, abandoning a dead body, concealing a death and tampering with evidence. The trial court entered judgments of conviction and imposed a life sentence for the felony murder with rape as the underlying felony, consecutive thirty-year sentences for the aggravated child molestations, consecutive ten-year sentences for concealing a death and for tampering, and a concurrent twelve-month sentence for abandoning a dead body. The rape was merged into the felony murder conviction, and the other two felony murder verdicts were vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). The trial court denied a motion for new trial, and Mangrum appeals.*

1. Construed most strongly in support of the verdicts, the evidence shows that Mangrum called and spoke to the 15-year-old victim at about one o'clock in the morning. An hour later, neighbors saw two vehicles, one of which looked like Mangrum's vehicle, speed away from his house, proceed through a stop sign, and leave the subdivision on a road that dead-ends into Kemp Road in Cherokee County. Five hours later, the victim's nude and burned body was found dumped near a bridge on Kemp Road, about a mile from Mangrum's house.

---

* The crimes occurred on July 2, 2002, and the grand jury returned the indictment on June 15, 2004. The jury found Mangrum guilty on December 9, 2005, and the trial court entered judgment on December 15, 2005. Mangrum filed a motion for new trial on December 22, 2005. An amended motion for new trial was filed on December 28, 2005, and denied on May 10, 2006. The notice of appeal was filed on June 7, 2006, and an amended notice of appeal to the Court of Appeals was filed on December 2, 2008. The Court of Appeals transferred the case to this Court on December 11, 2008. The case was docketed in this Court on December 18, 2008, and submitted for decision on February 9, 2009.

Mangrum gave conflicting statements to the police about what happened after he spoke to the victim. He first said that he had not seen her and had gone to bed, but he later stated that he and the victim had sex at his house, after which he took her to a party and left her there. At trial, Mangrum testified to another version of events, denying that he had sex with the victim at his own house, but claiming that he took her to a friend's apartment and had sexual intercourse with her there, but not oral or anal sex, and that he then left her at that apartment.

DNA testing revealed that spermatozoa found in the victim's mouth, anus and vagina came from Mangrum. Two witnesses who were in jail with Mangrum testified that he told them that he sexually assaulted the victim as other men held her down, and that she fought with them as she was choked. According to the witnesses, Mangrum said that they burned the victim's body in an attempt to destroy evidence linking them to the crime.

The cause of the victim's death was determined to be asphyxia. The autopsy revealed symmetrical hemorrhages over the victim's left and right collar bones, and deep muscle hemorrhages between her shoulder blades and the small of her back. The medical examiner who conducted the autopsy, as well as an expert in forensic pathology who reviewed the case, testified that the large bruising on the victim's back was consistent with her having been held down with a great deal of force, possibly from a knee. The evidence was sufficient for a rational trier of fact to find Mangrum guilty of felony murder and the other offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mangrum claims that the trial court erred in admitting his statements to police into evidence because they were induced by fear of injury and hope of benefit, in violation of OCGA § 24-3-50. However, Mangrum has waived these specific claims because he did not raise them in his motion in limine, at the hearing held pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), or when the statements were introduced into evidence. See *Morse v. State*, 288 Ga. App. 725, 730 (2) (655 SE2d 217) (2007); *Williams v. State*, 270 Ga. App. 480, 481-482 (606 SE2d 671) (2004).

Even if the claims were not waived, they are without merit. Under OCGA § 24-3-50, in order for an incriminatory statement to be admissible, " 'it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury.' " *Vergara v. State*, 283 Ga. 175, 177 (1) (657 SE2d 863) (2008). The "hope of benefit" that will render a statement involuntary must relate to the charges facing the suspect, and generally refers to the reward of a lighter sentence for confessing. *Foster v. State*, 283 Ga. 484, 485 (2) (660 SE2d 521) (2008); *Preston v. State*,

282 Ga. 210, 212 (2) (647 SE2d 260) (2007). Here, the officers did not offer a lighter sentence in exchange for Mangrum confessing to the crimes committed against the victim. Rather, they admonished him to tell the truth, or else face arrest for felony hindering of the investigation. "Exhortations to tell the truth are not a hope of benefit that renders a confession inadmissible under OCGA § 24-3-50. [Cit.]" *Foster v. State*, supra at 487 (2). Moreover, "a statement by police that makes the defendant 'aware of potential legal consequences' is 'in the nature of a mere truism' that does not constitute a . . . promise of benefit within the meaning of this Code section. [Cit.]" *Smith v. State*, 291 Ga. App. 535, 537 (662 SE2d 305) (2008).

"Insofar as the 'remotest fear of injury' is concerned, any confession obtained through physical or mental torture is inadmissible. [Cit.]" *State v. Roberts*, 273 Ga. 514, 517 (4) (543 SE2d 725) (2001), overruled in part on other grounds, *Vergara v. State*, supra at 178 (1). Although the police did not threaten Mangrum with any physical or mental harm, he contends that a detective violated the "fear of injury" prohibition by saying, "If you lie to us and we put you back out there on the street and they, then you're dead. How's your mama going to feel? We can't help you." Contrary to Mangrum's contention, the suggestion by the detective that Mangrum might be safer remaining in police custody did not render the custodial statements involuntary. See *Carswell v. State*, 268 Ga. 531, 533 (2) (491 SE2d 343) (1997) (investigators did not exercise undue influence by suggesting defendant would be better off in police custody because community members had threatened to harm the murderer).

Finally, we reject Mangrum's claim that his statements were not voluntary under the "totality of the circumstances" test, as applied to a 17-year-old. Age alone is not determinative of whether a person can waive his rights and give a voluntary statement. *Murray v. State*, 276 Ga. 396, 397 (2) (578 SE2d 853) (2003); *Rounds v. State*, 166 Ga. App. 212, 213 (2) (303 SE2d 543) (1983). Indeed, " '[o]ur courts have approved statements from defendants of even younger years. [Cits.]' [Cits.]" *Stone v. State*, 271 Ga. App. 748, 750 (1) (610 SE2d 684) (2005). Under the totality of the circumstances, Mangrum has failed to show that the trial court abused its discretion in allowing the statements into evidence. See *Nelson v. State*, 289 Ga. App. 326, 329 (1) (657 SE2d 263) (2008) (no error in trial court's conclusion that 15-year-old made voluntary statement).

3. Mangrum contends that because he was not re-advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), after a two-hour break in questioning by detectives, any statements made after that break should have been suppressed. However, the lack of a *Miranda* warning after the break "is of no

consequence, as [Mangrum] was informed of and waived his *Miranda* rights before the first interview and . . . the second interview . . . [was] part of a continuous series of interviews." *Carswell v. State*, 279 Ga. 342, 343 (2) (a) (613 SE2d 636) (2005). See also *Williams v. State*, 244 Ga. 485, 488 (4) (b) (260 SE2d 879) (1979) ("no duty to repeat the *Miranda* warnings given the day before where, as here, the interviews were part of a continuing interrogation"); *Watson v. State*, 227 Ga. 698, 700 (1) (182 SE2d 446) (1971) (further warning not necessary after seven-hour lapse between statements).

4. Mangrum claims that the trial court erred in denying his motion for a mistrial after an expert in forensic pathology opined about the ultimate issue in the case by testifying that the manner of death was a homicide. "A witness generally is not permitted to express his or her opinion regarding an ultimate issue in the case because to do so would invade the fact-finding province of the jury. . . ." *Medlock v. State*, 263 Ga. 246, 248 (3) (430 SE2d 754) (1993). However, in this case, whether the death was a homicide was not the ultimate issue for the jury to decide. Rather, the ultimate issue was whether Mangrum, who presented an alibi defense and attempted to implicate other suspects, was culpable for the killing of the victim. See *Wright v. State*, 285 Ga. 57, 63 (5) (673 SE2d 249) (2009) (ultimate issue was whether appellant caused fatal injuries to victim); *Collum v. State*, 281 Ga. 719, 722 (3) (642 SE2d 640) (2007) (ultimate issue was not whether victim beaten to death, but "was the identity of the person or persons responsible for the beating"). Because the expert's testimony did not go to the ultimate issue and did not invade the province of the jury, the trial court did not abuse its discretion in denying the motion for a mistrial. See *Pittman v. State*, 274 Ga. 260, 262 (2) (553 SE2d 616) (2001) ("Whether to grant a motion for mistrial lies within the sound discretion of the trial court. [Cit.]").

5. Mangrum contends that although he was indicted for felony murder, with rape as the underlying felony, the jury could have found that the victim died during the commission of the lesser offense of statutory rape, which was a misdemeanor due to his age and that of the victim. See OCGA § 16-6-3 (c). Thus, he reasons, the trial court erred in failing to give his requested jury charge on involuntary manslaughter, with statutory rape as the underlying misdemeanor. See OCGA § 16-5-3 (a) (person commits involuntary manslaughter when he causes the death of another by the commission of an unlawful act other than a felony).

Although Mangrum filed a written request for a jury charge on involuntary manslaughter,

his request did not specify [statutory rape] as the underly-

ing misdemeanor. . . . " ' "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error. (Cit.)" (Cit.)' (Cit.)" [Cit.] Therefore, there is no merit in the contention that the trial court erred in failing to give [Mangrum's] incomplete request to charge on involuntary manslaughter . . . . [Cits.]

*Lashley v. State*, 283 Ga. 465, 466 (2) (660 SE2d 370) (2008).

Moreover, even if the written request had not been deficient, a jury charge on involuntary manslaughter, with statutory rape as the underlying misdemeanor, would not have been appropriate. "[S]tatutory rape is not a lesser included offense of forcible rape. [Cit.]" *Freeman v. State*, 291 Ga. App. 651, 652 (1) (662 SE2d 750) (2008). Thus, it follows that the involuntary manslaughter alleged by Mangrum was not a lesser included offense of the felony murder as charged in the indictment, and therefore the trial court did not err in refusing to give such a jury instruction. See *Neal v. State*, 264 Ga. App. 311, 313 (2) (590 SE2d 168) (2003).

Furthermore, even if the purported involuntary manslaughter was a lesser offense of the felony murder charge, given Mangrum's alibi defense, the evidence established either that he killed the victim or that he was not involved in her death. " ' " 'Where, as here, the evidence shows either the commission of the completed offense (of felony murder . . .), or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense.' " (Cit.)' [Cit.]" *Lashley v. State*, supra at 467 (2). Accordingly, the trial court did not err by declining to charge on involuntary manslaughter. See *Bostic v. State*, 284 Ga. 864, 866 (2) (672 SE2d 630) (2009).

6. Mangrum contends that the trial court erred in refusing his request to instruct the jury that he could not be found guilty if the victim's death was the result of an accident.

"[T]he defense of accident is an affirmative defense. An affirmative defense is a defense that admits the doing of the act charged but seeks to justify, excuse, or mitigate it. Accordingly, if a defendant does not admit to committing any act which constitutes the offense charged, he is not entitled to a charge on the defense of accident." [Cits.]

*Rutland v. State*, 282 Ga. App. 728, 730 (1) (639 SE2d 628) (2006). Mangrum did not admit killing the victim, and instead denied any involvement in her death, testifying that he left her at a friend's apartment and that he later learned of her death from others.

Mangrum's testimony

> denying having taken any action that caused the victim's death . . . "does not involve homicide by accident as defined in (OCGA § 16-2-2), but only death from . . . means not attributable to any conduct, culpable or otherwise, on the part of [Mangrum]." [Cit.] [His] testimony "does not raise the issue of accident . . . . (Cit.)" [Cit.] Consequently, he was not entitled to a charge on the law of accident and the trial court did not err when it declined to give such a charge. [Cits.] (Emphasis omitted.)

*Wilson v. State*, 279 Ga. 104, 105 (2) (610 SE2d 66) (2005).

7. Citing *Humphrey v. Wilson*, 282 Ga. 520 (652 SE2d 501) (2007), Mangrum asserts that his aggravated child molestation convictions should be reversed. However, his reliance on *Humphrey* is misplaced. Mangrum was convicted under the former version of OCGA § 16-6-4, before it was amended in 2006 to make aggravated child molestation a misdemeanor offense under certain circumstances. See OCGA § 16-6-4 (d) (2). In *Humphrey v. Wilson*, this Court took that amendment into consideration in evaluating whether the punishment in that case was cruel and unusual, but we emphasized "that nothing in this opinion should be read as endorsing attempts by the judiciary to apply statutes retroactively." *Humphrey v. Wilson*, supra at 532 (3) (g). Contrary to Mangrum's claims, he was properly convicted of aggravated child molestation pursuant to the law in effect at the time of his crimes. See *Fleming v. State*, 271 Ga. 587, 590 (523 SE2d 315) (1999) ("it has long been the law in this state that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission. [Cits.]").

Furthermore, this Court expressly limited the impact of the decision in *Humphrey v. Wilson*, providing that

> today's opinion will affect only a small number of individuals whose crimes and circumstances are similar to [defendant's], i.e., those teenagers convicted only of aggravated child molestation, based solely on an act of sodomy, with no injury to the victim, involving a willing teenage partner no more than four years younger than the defendant.

*Humphrey v. Wilson*, supra. Because Mangrum was not convicted only of aggravated child molestation, but was convicted of multiple offenses, and because the victim in this case was injured and killed, Mangrum is not among the small number of individuals whose

crimes and circumstances are similar to those in *Humphrey v. Wilson*. He has thus failed to show any basis for reversing the aggravated child molestation convictions under the former version of the statute. See *Widner v. State*, 280 Ga. 675, 677 (2) (631 SE2d 675) (2006).

Mangrum's further contention that *Humphrey v. Wilson* requires reversal of the guilty verdicts for the two felony murder counts with aggravated child molestation as the underlying felonies is not only without merit for the foregoing reasons, but also is moot because those counts were vacated by operation of law. *Lupoe v. State*, 284 Ga. 576, 577 (1), fn. 2 (669 SE2d 133) (2008).

8. The trial court did not err in denying the motion for new trial without a hearing.

> A defendant has a due process right to a hearing on his motion for a new trial if he requests one, "but the trial court has no duty to initiate such hearing." [Cit.] Rather, "the party seeking a hearing must take affirmative steps to request one," and failure to do [so] results in a waiver of the right. [Cit.] Here, because the record reflects no request by [Mangrum] for a hearing on his motion for a new trial, the trial court did not err in failing to hold such a hearing.

*Range v. State*, 289 Ga. App. 727, 728-729 (1) (658 SE2d 245) (2008).

9. Mangrum claims that the trial court improperly charged the jury that the "against her will" element of forcible rape was supplied by the victim's age of 15.

> The term "against her will" means without consent . . . . [Cit.] The fact that a victim is under the age of consent may supply the "against her will" element in a forcible rape case since it shows that the victim is incapable of giving legal consent.

*State v. Collins*, 270 Ga. 42, 43 (508 SE2d 390) (1998). Accordingly, as this Court has previously held, "[t]he judge in this trial correctly charged that the element of 'against her will' was automatically shown by [the victim's] age." *Drake v. State*, 239 Ga. 232, 233 (1) (236 SE2d 748) (1977).

10. Mangrum contends that the trial court erred in allowing his written statements to go out with the jury.

> The record shows, however, that [Mangrum] raised no [such] objection either when the evidence was introduced or when it was included in the exhibits sent to the jury room. It follows that this issue has not been preserved for appeal.

An enumeration of error "complaining of the admission of evidence or of documents going out with the jury presents nothing for decision by the Supreme Court where no objection is shown to have been made at trial." [Cit.]

*Flournoy v. State*, 266 Ga. 618-619 (2) (469 SE2d 195) (1996).

Even if the issue was not waived, given that the statements appear to be consistent with the defense theory that Mangrum was not involved in the victim's death, Mangrum has failed to show reversible error. See *Clark v. State*, 284 Ga. 354, 356 (667 SE2d 37) (2008).

11. Mangrum argues that the trial court erred in sentencing him for the two aggravated child molestation offenses, based on oral and anal sodomy with the victim, because they merged with two of the felony murders. However, they were the underlying felonies for the two felony murders that were vacated by operation of law and for which no sentence was imposed. Because Mangrum was not sentenced for those felony murders, the trial court did not err in sentencing him for the underlying felonies of aggravated child molestation. See *McClellan v. State*, 274 Ga. 819, 821 (1), fn. 2 (561 SE2d 82) (2002); *Malcolm v. State*, supra at 373 (5).

12. Mangrum claims that he was denied effective assistance of counsel. Such a claim must be raised at the earliest practicable moment, which requires that it be raised before appeal if the opportunity to do so is available, and the failure to seize such an opportunity is a procedural bar to raising the issue at a later time. *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996). In this case, Mangrum's trial counsel filed the motion for new trial, which asserted only the general grounds. After the trial court denied the motion, appellate counsel appeared for the first time in the case by filing a timely notice of appeal. Because appellate counsel did not participate in the motion for new trial, there was no opportunity to raise the ineffectiveness claim prior to the appeal. See *Gregory v. State*, 277 Ga. App. 664, 669 (5) (627 SE2d 79) (2006). Accordingly, "we conclude that the claim of ineffective assistance of trial counsel has been raised at the earliest practicable moment, and we remand this case to the trial court for a hearing on that claim alone." *Haggard v. State*, 273 Ga. App. 295, 296 (614 SE2d 903) (2005).

*Judgment affirmed and case remanded with direction. All the Justices concur, except Melton, J., who concurs in judgment only as to Division 2, and Sears, C. J. and Hunstein, P. J., who concur specially.*

SEARS, Chief Justice, concurring specially.

In Divisions 2, 5, and 10 of the majority opinion, the majority holds that trial counsel waived certain issues and that those same

issues also lack merit. Because the Court is remanding the case to the trial court for a hearing on Mangrum's claim of ineffective assistance of trial counsel, I do not believe the majority should resolve the merits of the issues that trial counsel waived, as the trial court should have the initial opportunity to resolve those issues if Mangrum contends, on remand, that trial counsel provided deficient performance by failing to preserve the issues. For this reason, I concur specially in Divisions 2, 5, and 10 of the majority opinion.

I am authorized to state that Presiding Justice Hunstein joins in this special concurrence.

DECIDED JUNE 15, 2009 —
RECONSIDERATION DENIED JUNE 30, 2009.

*Burns, Speights & Grisham, J. Daran Burns, Scott P. Archer*, for appellant.

*Garry T. Moss, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.